**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL HERNANDEZ, a.k.a. Rafael Hernandez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71016 <br><br> Agency No. A095-630-853 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013**

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Raul Hernandez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Hernandez failed to file his asylum application within a reasonable period of time after any changed or extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Because Hernandez's asylum claim is time-barred, we reject his remaining arguments regarding asylum, and deny the petition as to this claim.

Hernandez testified he received telephonic and written threats in Guatemala, and his brother was murdered. Substantial evidence supports the BIA's conclusion that Hernandez did not establish past persecution or that it is more likely than not that he would be persecuted in the future. *See Nahrvani*, 399 F.3d at 1153-54 (two "serious" but anonymous threats coupled with harassment and *de minimis* property damage did not constitute past persecution, and fear of future persecution was too speculative); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (persecution against friends or family members must be "part of a pattern of persecution closely tied to" the petitioner himself) (internal quotation marks and citation omitted). Accordingly, Hernandez's withholding of removal claim fails.

11-71016

Further, substantial evidence supports the agency's denial of CAT relief because Hernandez failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See id.* at 1067-68.

Finally, we deny as moot Hernandez's request for a stay of removal.

**PETITION FOR REVIEW DENIED.**